UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ABERCROMBIE & FITCH TRADING, CO.,**<br><br>Plaintiff,<br><br>v.<br><br>**DISCOVER NEW SALES LLC, et al.,**<br><br>Defendants. | **2:24-CV-13312-TGB-APP**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF THE TEMPORARY RESTRAINING ORDER (ECF NO. 4)** |

Presently before the Court is Plaintiff's Emergency Motion to Extend the Temporary Restraining Order until February 13, 2025. ECF No. 36. The Court scheduled a status conference on January 29, 2025, during which counsel for Abercrombie, counsel for the Haque Defendants, counsel for A. Haque, individually, and a non-attorney representative for Latina Net, LLC, appeared.

For the reasons discussed during the status conference, and repeated here, Plaintiff's Motion (ECF No. 36) will be **GRANTED**. The Temporary Restraining Order will be extended for fourteen (14) days, but the asset restraint will be lifted as to Defendants Latina Net, LLC, Stacy Newsome, LNCC, LLC, and Mr. Islam.

## I.   BACKGROUND

Abercrombie commenced this action against the Defendants, alleging trademark infringement and other claims for selling counterfeit Abercrombie & Fitch FIERCE cologne ("Accused Products") through various eBay, Inc. and Walmart, Inc. accounts that they own, operate, and/or control. ECF Nos. 1 & 4. The Court adopts the description of facts in its prior Temporary restraining Order dated December 30, 2024. ECF No. 14.

Having found that Abercrombie was likely to succeed on the merits of its federal trademark infringement claim against Defendants, that distribution of counterfeit products causes irreparable harm to Abercrombie's goodwill and reputation, and any delay caused by requiring notice on Defendants would similarly be irreparable, the Court temporarily enjoined Defendants from selling the counterfeit products. ECF No. 14. The Court also announced during the Preliminary Injunction hearing on January 13, 2025 that it would be inclined to grant a preliminary injunction, but would be willing to allow the parties to confer with each other as to the terms and scope of the injunction by January 27, 2025.

On that date, Abercrombie filed a Status Report, explaining M. Haque and his associated companies (the "Haque Defendants") and A. Haque, individually, had only recently retained counsel, who consented to an extension of the Temporary Restraining Order until February 10,

2025 to become familiar with the filed pleadings and discuss the proposed Preliminary Injunction Order with Defendants. ECF No. 35.

Three Defendants remain unrepresented: Latina Net, LLC (doing business as "thejumbomarket") ("Latina Net"), Stacy Newsome LNCC, LLC (doing business as "heeta") ("Newsome"), and Shah Mohammed Quamrum Islam ("Mr. Islam"), an individual who is alleged to have helped the Haque Defendants with packing and loading mail at their residence. *See* ECF No. 4-5, PageID.774. One of the unrepresented Defendants, Latina Net, LLC, filed a *pro se* Motion to Dismiss the Restraining Order and Motion to Dismiss the case against the company. ECF Nos. 32 & 33.[1]

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65, governing temporary restraining orders, the Court may for good cause extend a temporary restraining order before it expires for another 14 days. Fed. R. Civ. Proc. 65(b)(2).

---

[1] As a preliminary observation, companies may not represent themselves in federal court. *See Harris v. Akron Dep't of Pub, Health*, 10 F. App'x 316, 319 (6th Cir. 2001) ("[A] corporation must be represented in court by an attorney and may not be represented by an officer."). Should Latina Net and Newsome remain Defendants in the case, they must obtain counsel in order to respond to the accusations. Consequently, the Court will need to strike the pending motions filed by Defendant Latina Net, LLC without prejudice to their being refiled if the Defendant wishes to refile them through counsel.

## III.  DISCUSSION

During the status conference held on January 29, 2025, all the defendants present acknowledged that they would abide by the Court's order to stop selling the counterfeit Abercrombie & Fitch FIERCE products. However, the Haque Defendants confirmed they did not own nor recognize Defendants Latina Net or Newsome, and that Mr. Islam did not own or operate any of the other company defendants. Abercrombie clarified its understanding of the involvement of Latina Net and Newsome with selling the counterfeit products, which they described as a drop-ship arrangement, as opposed to their initial understanding that Latina Net and Newsome were either related to M. Haque or at a minimum were being jointly represented by M. Haque's previous counsel.

In light of this information, the Court finds that although there is ample evidence in support of extending the Temporary Restraining Order against Latina Net, Newsome and Mr. Islam requiring that they may not sell any counterfeit products, the extraordinary relief of restraining their assets is not narrowly tailored because it is not clear, based on the available evidence, that they were knowingly selling the products as counterfeits. Therefore, the asset freeze provision will not be extended as to Latina Net, Newsome, and Mr. Islam.

During the status conference, the Court also raised the issue of whether there was any need to maintain the sealing order that Plaintiff had requested prior to the seizure. Abercrombie stated that it did not

object to unsealing the proceedings, because the purpose of the sealing order—seizing the goods from the Haque residence before any evidence could be destroyed—has been accomplished.

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiff's emergency Motion to Extend the Temporary Restraining Order is **GRANTED** (ECF No. 36) with modifications. In addition, it is **ORDERED** that Defendant Latina Net, LLC's *pro se* filings (ECF Nos. 32 & 33) shall be **STRICKEN** from the docket without prejudice to re-filing them through counsel. It is **FURTHER ORDERED** that the Record shall be **UNSEALED**.

## TEMPORARY RESTRAINING ORDER

Having found that Abercrombie is likely to succeed on the merits of its federal trademark infringement claim against Defendants, that distribution of counterfeit products causes irreparable harm to Abercrombie's goodwill and reputation, and any delay caused by requiring notice on Defendants would similarly be irreparable, **IT IS ORDERED** that, effective immediately, Defendants, their agents, servants, employees, attorneys, subsidiaries, distributors, successors and assigns and all persons, firms and corporations acting in concert or participation with them (the "Enjoined Parties"), and each of them, are **TEMPORARILY RESTRAINED** from:

1.   manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing

and/or using the Abercrombie Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff;

2.      secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing and/or using the Abercrombie Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Abercrombie Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

3.      communicating, directly or indirectly, with any person or persons (i) from whom Defendants purchased or obtained products bearing the Abercrombie Marks identified in Paragraph above, or (ii) to whom Defendants sold or offered to sell such products, or (iii) whom Defendants know or reasonably believe to possess, control, or have access to any such products;

4.      using Plaintiff's trademarks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any web page (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to the marketplace accounts owned or operated by Defendants, including the accounts operated by the Marketplace Sellers; and

5.      knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs (1) through (4) above.

6

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect for a period of fourteen (14) days—until February 13, 2025—subject to renewal.

**IT IS FURTHER ORDERED** that any third party being served with a copy of this Order shall preserve any and all records in its/their possession, custody, or control, including, but not limited to, all computer records, emails, email tracking histories, photographs, transactional records, and/or any records specifically described below (as part of the Seizure Order) within its computer system or cloud in connection with the Defendants' use of the Abercrombie Marks at issue in this matter. Within fourteen (14) days of receipt, any third party served with a copy of this Order shall provide Abercrombie's counsel with a sworn affidavit detailing all records, documents, photographs, and things preserved, and confirming full compliance with this Order, and a copy of each record, document, photograph, or thing identified in the Affidavit.

**IT IS FURTHER ORDERED** that Abercrombie submit a proposed Stipulated Preliminary Injunction Order by February 9, 2025. Should the parties not stipulate to Abercrombie's proposed Order, Defendants may file specific objections by February 11, 2025.

## ASSET RESTRAINT

**IT IS ORDERED** that until further order of this Court, all Defendants, employees and agents and any persons in active concert or participation with them—*except Latina Net, LLC (doing business as*

*"thejumbomarket"), Stacy Newsome LNCC, LLC (doing business as "heeta") and Shah Mohammed Quamrul Islam*—and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, eBay, Walmart, and their related companies and affiliates (collectively, "Third Party Providers"), upon actual notice of this Order, are temporarily restrained and enjoined from transferring any funds, as opposed to ongoing account activity, held or received for Defendants' benefit or to be transferred into any financial accounts associated with the Defendants, their payment accounts, payees, and/or transaction identification numbers identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s), and all other accounts that transfer funds into the same financial institution account(s), and/or any of the other financial accounts subject to this Order.

**IT IS FURTHER ORDERED**, accordingly, that this Court's previous Order of December 30, 2024 (ECF No. 14) restraining and enjoining Defendants Latina Net, LLC (doing business as "thejumbomarket"), Stacy Newsome LNCC, LLC (doing business as "heeta") and Shah Mohammed Quamrul Islam and the above-listed financial institutions from transferring funds is hereby **LIFTED** as to those three Defendants only.

8

## SCHEDULE "A"
## DEFENDANTS BY NUMBER, E-COMMERCE STORE NAME, PAYEE INFORMATION, AND TRANSACTION ID

| Def. No. | Defendant / E-commerce Store Name | PayPal Payee Information | PayPal Transaction ID |
|---|---|---|---|
| 1 | Discover New Sales LLC d/b/a aubrdej_78 | eBay Commerce Inc. | 5FX37111UF448241P 126671784F310360V |
| 2 | Mashrufatul Haque | N/A | N/A |
| | casepat-37 | eBay Commerce Inc. | 6T0433731W828540A |
| | debligg0 | eBay Commerce Inc. | 3PV63780HU505093P 3LL28373XC180300U |
| | jewrig_3077 | eBay Commerce Inc. | N/A |
| | kaiat_75 | eBay Commerce Inc. | 2MM31903103354035 69J943120X584605V |
| | rl9170 | eBay Commerce Inc. | 2EP879416P0783448 3WY887647X379564H |
| | tagam2629 | eBay Commerce Inc. | 7K59111397528535F |
| 3 | Kahve Department LLC d/b/a banksofttheoutersun | eBay Commerce Inc. | 8CL18541PT812564V 2FF89547C3838024Y |
| 4 | Infosales LLC d/b/a gulli-6 | N/A | N/A |
| 5 | Beautytime Shop LLC d/b/a jero-7393 | eBay Commerce Inc. | 94E87025H9110781H 2G202127AV314253X |
| 6 | Christmas & Beyond LLC d/b/a niklu-9730 | eBay Commerce Inc. | 0UR94114TD802643K 1PT16935VU093082D |
| 7 | Orioles Wholesales LLC d/b/a michbon2203 | eBay Commerce Inc. | 45075845JA549505G 2S641717R4992105N |
| 8 | Frosted Flavors LLC d/b/a rrmir83 | eBay Commerce Inc. | 2LH38162CX423184Y 31C275946F175960V |
| 9 | Sandals & Beyond LLC d/b/a brma9092 | eBay Commerce Inc. | 29U86536HG7235025 88L09301PU7033405 |
| 10 | Einstein Cents LLC d/b/a joshen_54 | N/A | N/A |
| 11 | Lux & Beauty LLC d/b/a kimber794 | eBay Commerce Inc. | 8EN00134LK6942528 1D378546R6718420J |
| 12 | Rugby Beauty LLC d/b/a lifork89 | eBay Commerce Inc. | 15N29463JB338301A 2NA250198D500504R |

| 13 | Blue Ribbon Consulting LLC d/b/a jaidewill-0 | N/A | N/A |
| 14 | Watch & Gifts LLC d/b/a abgal_40 | eBay Commerce Inc. | 7V6186075E959341A |
| 15 | Arafatul Haque | N/A | N/A |

No funds shall be transferred without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Abercrombie's counsel uncontradicted documentary proof accepted by Abercrombie, such acceptance not to be unreasonably withheld, that particular assets are not proceeds of Defendants' counterfeiting activities, in which case those particular assets shall be released to such Defendant without requiring Court approval. In the event that Abercrombie withholds acceptance of the proof offered by a Defendant that particular assets are not proceeds of Defendants' counterfeiting activities, the Defendant may seek prior approval of the Court to transfer such assets. In addition, on two (2) days' notice to Plaintiff, any Defendant may appear and move to dissolve or modify the order pursuant to Fed. R. Civ. Proc. 65(b)(4) concerning the restriction upon transfer of Defendants' assets to account for payment of ordinary living expenses or legitimate business expenses.

Each Defendant shall, within seven (7) days after service of this Order, identify in a written report under oath to Plaintiff all financial accounts, including but not limited to, PayPal, eBay, and Walmart, and other financial institutions associated with, or which receive funds from, the Marketplace Seller accounts.

Third Party Providers shall, within ten (10) days of receiving notice of this Order, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) that have been restrained. Such funds restraint and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained.

## COMPLIANCE

**IT IS ORDERED** that Abercrombie must maintain its previously posted bond in the amount of $25,000 as payment of damages to which the Enjoined Parties may be entitled for a wrongful injunction, restraint, or seizure, during the pendency of this action, or until further Order of this Court.

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on counsel for Abercrombie within seven (7) days after service of this Order a report in writing and under oath, setting forth in detail the manner in which Defendants have complied with this Order.

**SO ORDERED**.

Dated: January 30, 2025      /s/ Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE